IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**SETH COLE ELLIOTT, CODY PAINTER and
LONNIE JORDAN,** *Individually, and on
behalf of themselves and others similarly situated,*

Plaintiffs,

v.   No. _____

**KRAPE LOGISTICS, INC.** and
**BRIAN AND STEPHANIE KRAPE,**
Individually

**FLSA Collective Action**
Defendants   **JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Seth Cole Elliott, Cody Painter and Lonnie Jordan ("Plaintiffs"), individually, and on behalf of themselves and all other similarly situated current and former delivery drivers, of Krape Logistics, Inc., and Brian and Stephanie Krape, individually ("Defendants") bring this collection action and allege as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation, and other damages for Plaintiffs and other similarly situated current and former day-rate delivery drivers.

1

2. Defendants failed to pay Plaintiffs and those similarly situated overtime compensation at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant Krape Logistics, Inc. has its headquarters and principal offices located in this district during all times material to this action.

## III. CLASS DESCRIPTION

5. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former day-rate delivery drivers who were employed by Defendant at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV. COVERAGE

6. Plaintiffs and those similarly situated have been "employees" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

7. Defendants have been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this complaint.

8. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

9. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

### V.  PARTIES

10. Defendant Krape Logistics, Inc. is a Tennessee Corporation with its principal offices and headquarters located at 5810 Shelby Oaks Drive (Suite B), Memphis, Tennessee 38134-7315. Defendant's registered agent for service of process is: Registered Agents, Inc., 5810 Shelby Oaks Drive (Suite B), Memphis, Tennessee 38134-7315.

11. On information and belief, individual Defendants Brian and Stephanie Krape owned, operated and managed Defendant Krape Logistics, Inc. during all times material to this collective action.

12. Plaintiff Seth Cole Elliott was employed by Defendants as a day-rate delivery driver within this District during all times material herein. (Plaintiff Elliott's Consent to Join this Collective Action is attached hereto as part of collective Exhibit A.)

13. Plaintiff Cody Painter was employed by Defendants as a day-rate delivery driver within this District during all times material herein. (Plaintiff Painter's Consent to Join this Collective Action is attached hereto as part of collective Exhibit A.)

14. Plaintiff Lonnie Jordan was employed by Defendants as a day-rate delivery driver within this District during all times material herein. (Plaintiff Jordan's Consent to Join this Collective Action is attached hereto as part of collective Exhibit A.)

## VI. FACTS

15. Defendants provide delivery services for Federal Express Ground Delivery in the State of Tennessee and in other locations.

16. Plaintiffs worked as day-rate delivery drivers for Defendants during all times material herein.

17. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

18. Plaintiffs and all others similarly situated have been current or former day-rate delivery drivers (hereinafter "class members") of Defendants.

19. Plaintiffs and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, performed delivery services for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

20. At all times relevant, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

21. At all times relevant, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in interstate commerce.

22. Defendants Brian and Stephanie Krape were responsible for establishing and administering pay policies and practices related to Plaintiffs and class members during all times relevant to this original Collective Action Complaint.

23. Plaintiffs and class members performed delivery services on behalf of Defendants for more than 40 hours per week within weekly pay periods during all times material to this action.

24. Plaintiffs were paid on a day-rate basis that did not include compensation for hours over 40 per week within weekly pay periods at the applicable FLSA overtime compensation rates of pay - during all time material to this action.

25. Defendants were aware they were not compensating Plaintiffs and class members for all their overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay – during all times material.

26. Defendants' failure to pay Plaintiffs and class members all the overtime compensation rates of pay due them violated the FLSA.

27. The unpaid overtime compensation claims of Plaintiffs and class members are unified through a common theory of Defendants' FLSA violations.

28. Defendants' violations were willful with reckless disregard to established FLSA principles.

29. Defendants' violations were without a good faith basis.

30. Defendants have no exemptive defenses to the unpaid overtime claims of Plaintiffs and class members.

31. The net effect of Defendants' common practice of failing to pay Plaintiffs and class members for all the compensable pay owed them was to save it payroll costs and payroll taxes, and to enjoy ill-gained profits at the expense of Plaintiffs and class members.

5

32. Plaintiffs and class members are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants.

## VI. COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs bring this as a collective action pursuant to 29 U.S.C. § 216(b).

34. Plaintiffs' claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

35. While the exact number of collective members is unknown to Plaintiffs at this time, and can only be ascertained through applicable discovery, he believes there are more than 40 individuals in the class.

36. Plaintiffs and collective members are similarly situated as their claims are based on Defendants' compensation and time keeping plans and practices, as previously described.

37. They are similarly situated in that their claims are united through common theories of Defendants' FLSA statutory violations.

38. Defendants acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

39. Plaintiffs and collective members have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendants.

## COUNT I
## FLSA VIOLATIONS – UNPAID OVERTIME COMPENSATION

40. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

41. Defendant failed to pay Plaintiff and collective members for all overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay period during all times material to this Collective Action, as previously described.

6

42. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and other collective members at least the applicable FLSA overtime compensation rate of pay for hours over 40 per week, within weekly pay periods during all times material to this action.

43. These claims are unified through common theories of Defendant's FLSA violations.

44. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

45. Defendant's conduct was without a good faith basis.

46. As a result, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

47. Plaintiff and collective members are entitled, and hereby seek, to recover from Defendant compensation for unpaid overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. An award of compensation for unpaid overtime compensation to Plaintiffs and class members at the applicable FLSA overtime compensation rates of pay.

B. An award of liquidated damages to Plaintiffs and class members;

C. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and class members;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and class members;

E. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action;

F. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: October 13, 2023                       Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*