UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SETH COLE ELLIOTT, CODY PAINTER, ) <br> And LONNIE JORDAN ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KRAPE LOGISTICS, and BRIAN KRAPE, ) <br> ) <br> Defendants. ) | No. 3:23-CV-369-JRG-DCP |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 25] by the District Judge.

Now before the Court is Plaintiffs' Motion for Entry of Default Judgment [Doc. 23]. Specifically, Plaintiffs request damages pursuant to the Fair Labor Standards Act ("FLSA"). On July 31, 2024, the Court entered an Order to Show Cause directing Defendants to appear before the undersigned on September 17, 2024, to show cause why Plaintiffs' motion should not be granted [Doc. 26]. On September 17, 2024, Attorney J. Joseph Leatherwood IV ("Attorney Leatherwood") appeared on behalf of Plaintiffs. Defendants did not appear. Accordingly, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Plaintiffs' motion [**Doc. 23**].

I.  BACKGROUND

Plaintiffs filed a Complaint [Doc. 1] on October 13, 2023, and later amended on January 30, 2024 [Doc. 8]. The First Amended Collective Action Complaint ("Amended Complaint") alleges violations of the FLSA [*Id*. ¶ 1]. Defendant Krape Logistics, Inc. ("Krape Logistics") is a

logistics company that Defendant Brian Krape ("Krape") owns, operates, and manages [*Id*. ¶¶ 10–11]. Defendants employed Plaintiffs as day-rate delivery drivers [*Id*. ¶¶ 12–14]. "Defendants provided delivery services for Federal Express Ground Delivery" [*Id*. ¶ 15]. Plaintiffs allege that they "performed delivery services on behalf of Defendants for more than 40 hours per week within weekly pay periods" but that they "were paid on a day-rate basis that did not include compensation for hours over 40 per week within weekly pay periods at the applicable FLSA overtime compensation rates of pay" [*Id*. ¶ 24]. According to the allegations, Defendants were aware that Plaintiffs were not being paid their overtime hours [*Id*. ¶ 25].

Based on the above, Plaintiffs allege that Defendants violated the FLSA [*Id*. ¶¶ 40–47]. They seek "unpaid overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA" [*Id*. ¶ 47 (citation omitted)].

Pursuant to the proof of service, Defendants were personally served on January 9, 2024 [Doc. 7]. They did not respond to the lawsuit, and Plaintiffs moved for entry of default [Docs. 17 and 18]. The Clerk entered defaults against Defendants on June 6, 2024 [Docs. 19 and 20]. Plaintiffs thereafter moved for entry of default judgment [Doc. 23].

The instant motion requests entry of default judgment against Defendants pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.[1] As mentioned above, Plaintiffs request damages from Defendants' violations of the FLSA and their reasonable attorneys' fees incurred in bringing this lawsuit.

---

[1] Rule 55(b)(1) allows the Clerk of Court to enter default judgments when they are for a "sum certain." Fed. R. Civ. P. 55(b)(1). Plaintiffs request their attorney's fees, which "are not for a sum certain or a sum that can be made certain by computation under Rule 55(b)(1)." *Porter Fam. Ltd. P'ship v. ST Brands, Inc.*, No. 3:21-CV-00871, 2023 WL 309395, at *1 (M.D. Tenn. Jan. 17, 2023).

## II. ANALYSIS

The undersigned recommends that Defendants be found liable for violating the FLSA and that Plaintiffs be awarded their overtime wages, liquidated damages, reasonable attorneys' fees, and costs.

### A. Liability

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the clerk's entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). Furthermore, "[o]nce the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

Taking as true the allegations in the Amended Complaint [Doc. 8], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by Plaintiffs with respect to Defendants' violations of the FLSA. The Court accepts all such allegations, and specifically **FINDS**, based upon entry of default, that Defendants have violated the FLSA. Specifically, the Court finds that Plaintiffs worked over 40 hours each week and were not paid their overtime wages.

The Court will now turn to the amount of damages requested.

3

### B. Damages

To ascertain a sum of damages, Federal Rule of Civil Procedure 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")). Courts within the Sixth Circuit have explained that an evidentiary hearing is not required if the court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12-CV-962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012).

In the instant matter, the undersigned conducted a show cause hearing, but Defendants did not appear. During the hearing, Plaintiffs requested additional time to provide their evidence of damages, which the undersigned granted. On October 4, 2024, Plaintiffs and their counsel filed the Supplement to Motion for Default Judgment, which included affidavits detailing the amounts they seek [Docs. 29, 29-1 to 29-4]. After review, the Court determined that there were mathematical errors and issues with Plaintiffs' request for attorneys' fees, which prompted the Court to set another hearing. On October 17, 2024, Attorney Leatherwood appeared telephonically before the Court. The Court noted that there appeared to be mathematical errors and issues with Plaintiffs' request for attorneys' fees. To the extent Plaintiffs wanted to address these errors, the Court directed them do so on or before October 21, 2024. On October 21, 2024, Plaintiffs filed their Amended Supplement to Motion for Default Judgment ("Amended Supplement") [Doc. 30]. Specially, in the Amended Supplement, Plaintiffs seek overtime wages, liquidated damages, attorneys' fees, and costs [*See id.*].

Turning to overtime compensation, the FLSA requires that every employer pay its employees overtime compensation for hours worked over forty. 29 U.S.C. § 207(a)(1).[2] In support of their requested damages, each Plaintiff filed an affidavit setting forth the overtime wages that are due. According to Plaintiff Elliott, he was paid a daily rate of $180, he typically worked between 65 to 70 hours six days a week, and Defendants employed him from October 2022 to January 2023 [Doc. 30-2 ¶¶ 3–4, 8]. Given the number of hours he worked and his daily rate of pay, his regular hourly rate was $16.00 [*Id.* ¶ 7]. He states:

> 9. My unpaid overtime is calculated as follows:
>
>    a. $8.00 (rate divided by half)
>    b. $8.00 x 27.5 hours over overtime each week = $220.00 of overtime owed per week
>    c. $220.00 x 17 weeks = $3,740.00 in paid wages

[*Id.* ¶ 9].

Plaintiff Lonnie Jordan states that he was paid a daily rate of $180, he typically worked 65 to 70 hours six days a week, and Defendants employed him from September 2021 to September 2022 [Doc. 30-3 ¶¶ 3–4, 8]. Given the number of hours he worked and his daily rate of pay, his regular hourly rate was $16.00 [*Id.* ¶ 7]. He states:

> 9. My unpaid overtime is calculated as follows:
>
>    a. $8.00 (rate divided by half)
>    b. $8.00 x 27.5 hours of overtime per week = $220.00
>    c. $220.00 x 52 weeks = $11,440.00 in unpaid overtime wages

[*Id.* ¶ 9].

---

[2] Pursuant to the regulations, "[a]n employee's overtime entitlement . . . includes: (1) The straight time rate of pay times all overtime hours worked; plus (2) One-half times the employee's hourly regular rate of pay times all overtime hours worked." 5 C.F.R. § 551.512(a)(1)–(2). Based on Plaintiffs' calculations, it appears that they were paid their straight time for all hours worked over forty.

Plaintiff Cody Painter states that he was paid a daily rate of $180, he typically worked 55 to 60 hours a week, and Defendants employed him from October 2022 to March 2023 [Doc. 30-4 ¶¶ 3–4, 8]. Given the number of hours he worked and his daily rate of pay, his regular hourly rate was $18.79 [*Id.* ¶ 7]. He states:

> 9. My unpaid overtime is calculated as follows:
> 
>   a. $9.40 (rate divided by half)
>   b. $9.40 x 17.5 hours of overtime per week = $164.50 of overtime owed per week
>   c. $164.50 x 24 weeks = $3,948.00 in unpaid overtime wages

[*Id.* ¶ 9].

Based on the evidence before the Court, which has not been rebutted, the undersigned **RECOMMENDS** that Defendants be liable for unpaid overtime wages as follows: Plaintiff Elliott for $3,740.00; Plaintiff Jordan for $11,440.00; and Plaintiff Painter for $3,948.00.

Plaintiffs also seek liquidated damages. The FLSA provides as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216. "[L]iquidated damages are compensatory, not punitive." *Stansbury v. Faulkner*, 443 F. Supp. 3d 918, 933 (W.D. Tenn. 2020) (citation omitted). Further, "[a]court may exercise its discretion to limit or deny liquidated damages, but <u>only if</u> an employer demonstrates both good faith and reasonable grounds for failing to pay wages." *Id*. (citations omitted).

By failing to respond to this lawsuit and failing to appear to the hearing, Defendants have not demonstrated both good faith and reasonable grounds for failing to pay wages. S*ee Jones v. Animal Enter. Worldwide, LLC*, No. 1:21-CV-00653, 2022 WL 592945, at *3 (N.D. Ohio Feb. 28, 2022) ("Defendants did not enter an appearance, let alone offer evidence that they acted in good

faith."). Plaintiffs are therefore entitled to liquidated damages equal to the amount of unpaid wages. *See* 29 U.S.C. § 216(b). The undersigned therefore recommends that Plaintiffs be awarded liquidated damages as follows: Plaintiff Elliott for $3,740.00; Plaintiff Jordan for $11,440.00; and Plaintiff Painter for $3,948.00.

Finally, Plaintiffs request that they be awarded their reasonable attorneys' fees [*See* Doc. 30]. The FLSA states that the court shall award reasonable attorney's fees and costs of the action. 29 U.S.C. § 216. In determining whether attorneys' fees are reasonable, courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 415–16 (cleaned up). "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

To support their request for reasonable fees, Plaintiffs filed an Affidavit of J. Joseph Leatherwood IV, which details the amount of attorneys' fees requested [Doc. 30-1]. Counsel seeks a total of $11,515.00 in attorneys' fees [Doc. 30-1 ¶ 11]. He explains that his firm billed 32.9 hours, which includes "intake interviews with Plaintiffs, in-depth analysis related to time, pay and

7

damage claims by Plaintiffs, preparing for and attending court hearings, and drafting and filing a motion for default and associated damages documents" [*Id*. ¶ 9]. After considering this affidavit, the undersigned finds the time spent in this case reasonable.[3]

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the Court's territorial jurisdiction or venue. *Brooks v. Invista*, No. 1:05-cv-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required." *Id.* (citing *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on other grounds by*, *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)).

With respect to the hourly rates requested, the undersigned notes that Plaintiffs' counsel seeks $350 per hour for each attorney who worked on this case [*See* Doc. 30-1 p. 3]. Attorney Turner has four years of experience, Attorney Leatherwood has two years of experience, Attorney Autry has less than one years' experience, and Cooper Mays "is currently waiting [his] bar results and is practicing under a supervised law license in accordance with Tennessee law" [Doc. 30-1 pp. 1, 4]. Although Defendants did not object to the hourly rates billed in this matter, courts have "an independent duty to review the fee request to determine its reasonableness." *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, No. 5:11-CV-316, 2013 WL 5442302, at *2 (N.D. Ohio Sept. 27, 2013); *see also Howard v. Tennessee*, No. 3:16-CV-2829, 2018 WL 10151080, at *4 (M.D. Tenn. Dec. 14, 2018) (stating that while defendants did not object to the reasonableness of any of

---

[3] The undersigned notes that in the previous supplement, Plaintiffs' counsel also sought 32.9 hours [Doc. 29-1 p. 3], which means that counsel did not bill for the October 17, 2024, telephone conference and for filing the Amended Supplement.

the hourly rates, the court must exercise its independent duty to determine the reasonableness of attorney's fees) (citation omitted). The undersigned is quite familiar with the prevailing rate for attorneys practicing in the Eastern District of Tennessee and finds that the requested hourly rates are high and Plaintiffs' counsel has not provided sufficient support for such rates. *See Vanderhoef v. Dixon*, No. 3:16-CV-508, 2020 WL 6864543, at *6 (E.D. Tenn. May 4, 2020) (noting that it is "a common practice before this Court" to provide "supporting declarations of third-party attorneys to detail the reasonableness of the requested hourly rate"), *report and recommendation adopted*, No. 316CV00508, 2020 WL 4673464 (E.D. Tenn. Aug. 12, 2020).

A district court may look to "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011). The undersigned has also reviewed the procedural history of this case and notes that the Court entered three show cause orders [Docs. 6, 9, 12] prompting Plaintiffs to prosecute their case. In addition, the undersigned scheduled a telephonic hearing on Plaintiffs' original supplement given the mathematical errors and issues with the request for attorneys' fees. The procedural history appears to be indicative of the level of experience with obtaining a default judgment and experience with the FLSA. Based on the undersigned's familiarity with the prevailing rates in Knoxville, Tennessee, and the history of this case, the undersigned recommends that Attorney Turner be awarded $230 per hour, Attorney Leatherwood be awarded $200, and Attorney Autry be awarded $175. *See Knisley v. Johnson*, No. 3:21-CV-420, 2022 WL 17718637, at *8 (E.D. Tenn. July 22, 2022) (recommending an attorney with fourteen years' experience be awarded $300 per hour in a FLSA case), *report and recommendation adopted*, No. 3:21-CV-420, 2022 WL 17718636 (E.D. Tenn. Aug. 10, 2022); *Chapman v. Jet Mall*, No. 1:14-CV-267, 2015 WL 2062099, at *3 (E.D.

Tenn. Apr. 30, 2015) (awarding $260 per hour in a FLSA to an attorney who had practiced approximately seventeen years and had "extensive experience in the field of wage and hour cases"). [4]

With respect to Cooper Mays, Plaintiffs do not provide much detail about his professional experience other than he "is currently waiting bar results and is practicing under a supervised law license in accordance with Tennessee law" [Doc. 30-1 ¶ 2]. Although they request $350 per hour for Mr. Mays, Plaintiffs do not provide support for this rate or what a reasonable rate is for an

---

[4] *See Gathering Spot, LLC v. Gathering Spot at Burlington Vill. LLC*, No. 3:22-CV-7-TRM-JEM, 2023 WL 3612399, at *5 (E.D. Tenn. May 1, 2023) (recommending the following attorneys' rates in a federal trademark infringement case: $315 per hour for an attorney with sixteen years of experience; $300 per hour for an attorney for with twelve years of experience; $250 per hour for an associate who did not provide his years of experience; $275 for an attorney who did not provide his years of service but provided his professional background), *report and recommendation adopted by* No. 3:22-CV-7, 2023 WL 3611541 (E.D. Tenn. May 23, 2023); *Knox Trailers, Inc. v. Clark*, No. 3:20-CV-137-TRM-DCP, 2022 WL 4372350, at *4 (E.D. Tenn. Sept. 21, 2022) (awarding similar rates as in *Gathering Spot, LLC* in a case alleging breach of fiduciary duty, intentional interference with business relations, unfair competition, misappropriation of trade secrets, and civil conspiracy); *Knisley v. Johnson*, No. 3:21-cv-420, Doc. 24 (E.D. Tenn. Aug. 10, 2022) (in an unjust enrichment case, awarding an attorney with fourteen years of experience $300 per hour given that he provided no details regarding his professional experience); *ERMC v. Millertown*, 3:19-cv-407 & 408-DCP, Doc. 75 (E.D. Tenn. Aug. 1, 2022) (explaining that an attorney who practiced for seven years charged $228.26, $260.60, and $298.90 from 2019 to 2021 in a breach of contract case); *Almanza v. Barr*, No. 3:15-CV-389-TAV-HBG, 2019 WL 13159729, at *9 (E.D. Tenn. Aug. 5, 2019) (recommending an attorney who graduated law school in 2006 but had been practicing employment law for eight years be awarded $260.00 per hour); *Vaughn v. Parkwest Med. Ctr.*, No. 3:15-CV-228, Doc. 117 (E.D. Tenn. Feb. 15, 2019) (recommending award of $290 per hour for worked performed 2014 through 2018 for an attorney who had practiced approximately twelve years), *report and recommendation adopted by* 2019 WL 1290877, at *1 (E.D. Tenn. Mar. 20, 2019); *EEOC v. Dolgencorp, LLC*, No. 3:14-CV-441-TAV-HBG, 2017 WL 9517513, at *5 (E.D. Tenn. Aug. 7, 2017) (recommending $350.00 per hour for a litigator with twenty-four years of experience and $250.00 per hour for an attorney who graduated law school in 2006), *report and recommendation adopted by* 277 F. Supp. 3d 932 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018); *Jones v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 311-CV-00531-PLR-HBG, 2016 WL 4691294, at *1 (E.D. Tenn. Aug. 8, 2016) (recommending award of $345.00 per hour in a civil rights case where the attorney had thirty-eight years of experience), *report and recommendation adopted by* 2016 WL 4690398 (E.D. Tenn. Sept. 7, 2016).

individual who has a "supervised law license." Given that, the undersigned recommends that he be awarded $100 per hour. *Schlosser v. VRHabilis, LLC*, No. 3:20-CV-190, 2024 WL 1600671, at *13 (E.D. Tenn. Feb. 1, 2024) (recommending $100 per hour to a third-year law student who had worked at the firm for several years and worked on many civil rights cases (citations omitted)), *report and recommendation adopted*, No. 3:20-CV-190, 2024 WL 1071871 (E.D. Tenn. Mar. 12, 2024).[5] The undersigned therefore recommends that Plaintiffs be awarded attorneys' fees in the total amount of $6,160.00.[6]

Plaintiffs state that their counsel "has incurred $2,128.89 in unreimbursed litigation expenses for this action[,]" which "include the filing fee, printing/copy expenses, legal research, service of process, and administration fee" [Doc. 30-1 ¶ 8]. Given that Defendants have not objected, the undersigned recommends the "unreimbursed litigation expenses" in the amount of $2,128.89 be awarded. *See* 28 U.S.C. § 1920(5) (noting that docketing fees are recoverable costs); *Potter v. Blue Cross Blue Shield of Mich.*, 10 F. Supp. 3d 737, 773 (E.D. Mich. 2014) ("While the Sixth Circuit has not specifically addressed the issue of whether computer legal research, such as WESTLAW or LEXIS, is recoverable, a number of other courts have done so . . . those judges who have awarded the costs of computerized research are in the majority and the reasons for doing so are well founded." (citation omitted)); *Knisley*, 2022 WL 17718637, at *9 (recommending fees

---

[5] The undersigned observes that in their original motion, Plaintiffs' counsel sought a 33% contingency fee award, which "is the amount [Plaintiffs' attorneys] are entitled to under the contingency fee agreement with Plaintiffs" [Doc. 23-1 p. 1]. The Court is not required to award a fee based on Plaintiffs' contractual agreement with their counsel. *See Chapman v. Jet Mall*, No. 1:14-CV-267, 2015 WL 2062099, at *3 (E.D. Tenn. Apr. 30, 2015).

[6] Plaintiffs state that "[t]his Court has found that a reasonable hourly rate for FLSA litigation is $350" [Doc. 30-1 ¶ 7 (citing *Edwards v. Sumiriko Tenn., Inc.*, No. 3:20-cv-83 [Doc. 43] (E.D. Tenn. Aug. 20, 2020)]. In *Edwards*, however, the parties agreed to the attorneys' fee. *See Edwards*, No. 3:20-cv-83 [Doc. 42] (E.D. Ten. Aug. 20, 2020)]. And here, Plaintiffs have not sufficiently supported the hourly rates in light of each attorneys' experience.

11

for filing, copies, and service of process be awarded). The undersigned therefore recommends Plaintiffs be awarded their costs in the amount of $2,128.89.

## III. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Amended Complaint as true, the undersigned **RECOMMENDS**[7] as follows:

1. The Motion for Entry of Default Judgement **[Doc. 23]** be **GRANTED IN PART AND DENIED IN PART**.

2. Defendants be **ADJUDGED** as having violated the FLSA.

3. Plaintiff Elliott be awarded $7,480.00 for overtime wages and liquidated damages.

4. Plaintiff Jordan be awarded $22,880.00 in overtime wages and liquidated damages.

5. Plaintiff Painter be awarded $7,896.00 in overtime wages and liquidated damages.

6. That Plaintiffs be awarded $6,160.00 in attorneys' fees and $2,128.89 in costs.

7. Judgment in the total amount of $46,544.89, plus post judgment interest be entered in Plaintiffs' favor.

---

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

The Clerk of Court is **DIRECTED** to send Defendants a copy of this Report and Recommendation at the addresses provided in [Doc. 7].

Respectfully submitted,

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge